UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ELVIN SUAREZ,                                    :
                                                 :   **20 Civ. 7133 (VB)**
                            Plaintiff,           :
                                                 :   **STIPULATION OF**
            - against -                          :   **CONFIDENTIALITY AND**
                                                 :   **PROTECTIVE ORDER**
ANTHONY J. ANNUCCI, et al.,                      :
                                                 :
                            Defendants.          :
-------------------------------------------------------------X

WHEREAS discovery herein may include the production of information and/or documents

that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed,

could jeopardize individual, correctional or institutional safety, security or good order, (b) contain

information that is confidential under state or federal law, or (c) contain information of a personal

nature,

IT IS HEREBY STIPULATED AND AGREED that:

The term "document" as used herein is defined to be synonymous in meaning and equal in

scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the

Local Civil Rules of this Court.

## CONFIDENTIAL MATERIAL

1.      The parties may designate as Confidential: (i) documents produced from the records

of the New York State Department of Corrections and Community Supervision ("DOCCS") and/or

the New York State Office of Mental Health ("OMH") and the information contained therein,

where the party has a legitimate, articulable belief that public disclosure would jeopardize

correctional or institutional safety, security or good order; (ii) documents which contain

information that is confidential under state or federal law, and/or eligible for confidential treatment

Case 7:20-cv-07133-VB   Document 91   Filed 04/14/22   Page 2 of 11

under Federal Rule of Civil Procedure 26; and (iii) documents containing any person's sensitive

personal information, except information that is publicly available under the New York State

Freedom of Information Law (New York State Public Officers Law §§ 84-90); (iv) photographs

or videos depicting Plaintiff or Plaintiff's immediate relatives; (v) Plaintiff's mental health,

medical, psychiatric, substance abuse, educational, and disability records, regardless of source;

(vi) police, correctional, parole, and disciplinary records concerning Plaintiff to the extent that

those records reveal his mental health condition(s) or treatment or to the extent they reveal criminal

matters that have been sealed or expunged under appropriate state law, including but not limited

to records sealed under New York State Criminal Procedure Law §§ 160.50 and 160.55; (vii) any

Defendants' personnel records or other documents pertaining to that defendant's employment with

either DOCCS and/or OMH, including, but not limited to, records of disciplinary proceedings and

performance evaluations, except materials or those portions of materials that are publicly available

under the New York State Freedom of Information Law (New York State Public Officers Law §§

84-90) and/or not subject to any other applicable privilege; or (viii) deposition transcripts that

reference any of the aforementioned information. Such documents and information shall be

referred to hereafter as "Confidential Material."

    2.    Access to Confidential Material shall be limited to:

    a.  The parties;

    b.  Counsel for the parties to this action and counsels' employees and independent

        contractors who have direct functional responsibility for the preparation or trial of

        this action, or any appeal thereof;

    c.  The parties' respective experts and consultants, to the extent deemed necessary to

        the conduct of this litigation by the respective attorneys for Plaintiff or Defendants,

except that, prior to any such person being given access to the Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the written agreement, annexed hereto as Exhibit A, to comply with and be bound by the terms of this Stipulation;

d.  Individual employees of DOCCS or OMH, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS or OMH;

e.  The Court, its employees, and its officers, provided that any such documents are filed with the Court under seal;

f.  Any other person who was an author, sender, addressee, designated recipient, or source of the Confidential Material;

g.  Defendants.

h.  Stenographers and videographers hired for purposes of transcribing depositions; and

i.  Any other person(s) agreed to in writing by counsel for the parties, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the written agreement, annexed hereto as Exhibit A, to comply with and be bound by the terms of this Stipulation s.

## HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL

3.  For Confidential Material that contains sensitive information, including but not limited to security information, and/or identifying personal information pertaining to Defendants,

Case 7:20-cv-07133-VB   Document 91   Filed 04/14/22   Page 4 of 11

current or former employees of DOCCS/OMH, and third parties (other than the names of any incarcerated individual who was near Plaintiff and who may have witnessed the events described in the Amended Complaint)[1], counsel may designate such information "Highly Confidential – Attorneys' Eyes Only" A designation of "Highly Confidential – Attorneys' Eyes Only" means that it is for "attorneys' eyes only" and shall not be released or disclosed in any manner to any other person, including Plaintiff, who does not fall under Paragraph 2(a)-(h). Plaintiff's counsel may not show or discuss Highly Confidential Material with Plaintiff.

4.      Highly Confidential-Attorneys' Eyes Only Material may include, but is not limited to the following:

     a.  Plaintiff's current mental health records and information, unless the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

     b.  All personnel, health care (including but not limited to drug or substance abuse records), and mental health care records that contain personally identifiable information concerning any current or former employee of DOCCS and/or OMH;

     c.  All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" in DOCCS Directive 0001;

     d.  All DOCCS and OMH training materials for corrections officers, sergeants, lieutenants, captains, or deputy superintendents, or any other DOCCS and/or OMH employee, that refer to or concern correctional or institutional safety, security, or good order, except materials that are publicly available under the New York State Freedom of Information Law (New York State Public Officers Law §§ 84-90);

---

[1] The production of any such information does not prevent, or otherwise waive, either parties' ability to object to producing any name which fits this category.

e.  Any other records that would compromise the safety, security, or good order of a DOCCS facility if disclosed to a current or former incarcerated individual in the custody of DOCCS and/or the general public.

5.      An inadvertent failure to designate material Highly Confidential or Highly Confidential – Attorneys' Eyes Only Material may be corrected by promptly providing supplemental written notice to the receiving party, who thereafter shall treat such documents as if it they had been properly designated originally.  In the event that such information will have been disclosed to individuals not entitled to access Highly Confidential – Attorneys' Eyes Only Material, the party failing to make the initial designation may request the receiving party retrieve the documents from such recipients.

6.      If, pursuant to Paragraphs 1 and 3, a party designates any document as Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material after it has already been produced, the producing party shall produce to the other parties substitute copies of such documents which shall be clearly marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return, and certify the destruction or return, to the producing party all copies, both hardcopy and electronic, of the previously produced documents.

7.      Except as consented to by counsel for the party that designated a document as Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material, or ordered by a Court of competent jurisdiction, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material shall not be released or disclosed in any matter to any person who

is or was an incarcerated individual in the custody of DOCCS.

## STIPULATIONS APPLICABLE TO ALL DOCUMENTATION PRODUCED

8.　　The inclusion of any category of documents identified as examples of Confidential Material and/or Highly Confidential-Attorneys' Eyes Only, does not waive the parties' right to object to its production or admissibility at trial.

9.　　All transcripts of depositions taken in this Action will be treated as "Highly Confidential – Attorneys' Eyes Only Material" in their entirety for thirty (30) days after the parties are notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in Paragraph 2 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not thereafter be treated as Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material.

10.　　Highly Confidential – Attorneys' Eyes Only Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the parties or their counsel, provided, however, that, in the event that the parties or their counsel intend to produce documents containing Highly Confidential – Attorneys' Eyes Only Material, or that contain Highly Confidential – Attorneys' Eyes Only Material obtained from such documents in response to such order, the producing party or counsel shall serve notice of such order upon the other parties and counsel in this action within a reasonable amount of time prior to the production thereof, to provide an opportunity to seek a protective order against such production. The receiving

party agrees to cooperate with the producing party in resisting the demand or request and the producing party shall be responsible for pursuing any objection to the requested production.

11.     No person receiving Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material pursuant to this Stipulation and Protective Order shall disclose or discuss such Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material pursuant to this Stipulation and Protective Order.

12.     If a party objects to the designation of any document as Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material, the following procedures shall apply. The objecting party shall state such objection in writing to the counsel for the party that designated the material Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material within thirty days of receipt of the disputed document.  Counsel for the designating party or third party shall respond in writing within fourteen days and state with particularity the grounds for asserting that the document or information is Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material.  Counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, the proponent of the designation being challenged shall seek a protective order.  The moving party shall seek the protective order within fourteen days after the parties have attempted to resolve the issue in good faith and have been unable to do so.  Any disputed documents shall be treated as originally designated until the parties resolve the conflict or the Court issues its ruling regarding the conflict on the condition that said court ruling and/or protective order is sought within fourteen days after the parties have failed to reach an agreement on the disputed documents.

13.     In the event that a party intends to file with the Court any papers that attach or enclose documents containing Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material produced pursuant to this Stipulation and Protective Order or that contain Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material obtained from such documents, including deposition transcripts, that party shall file those materials under seal based upon the producing parties' designation.  Any party filing a motion or other papers with the Court under seal shall also publicly file a redacted copy of the same that redacts only the Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material, or reference thereto, and does not redact text that in no material way reveals the Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material.

14.     Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand.

15.     Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

16.     Subject to Paragraphs 1 and 3 above, a party may designate as Confidential Material and/or Highly Confidential-Attorneys' Eyes only, any document or deposition testimony produced or given by any non-party to this case, or any portion thereof.  In the case of documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents, which are to be stamped and treated as such at any time up to 15 days after actual receipt of copies

8

of those documents by counsel for the party asserting confidently. A non-party that produces documents or information in response to a subpoena in this action may designate its documents or information as Confidential Material and/or Highly Confidential-Attorneys' Eyes Only, provided that such documents or information satisfy the definition of Confidential Material and/or Highly Confidential-Attorneys' Eyes Only set forth in paragraphs 1 and 4 above.

17.     Within one-hundred-and-twenty (120) days of the conclusion of this Action, including any appeals, receiving parties shall either return to producing parties all Confidential Material and Highly Confidential – Attorneys' Eyes Only Material, and any copies thereof, in their custody, possession or control and any documents containing Confidential Material and Highly Confidential – Attorneys' Eyes Only Information, in whole or in part, and any copies made therefrom or shall notify the producing parties in writing that all such Confidential Material and Highly Confidential – Attorneys' Eyes Only Material has been destroyed, with the exception of (i) copies of each pleading and litigation document filed with the Court, (ii) each written discovery request and written response thereto (but not Confidential Material and Highly Confidential – Attorneys' Eyes Only Material produced in response to a request for production of documents), and (iii) any back-ups of Confidential Material and Highly Confidential – Attorneys' Eyes Only Material as are routinely made and kept by counsel in the normal course of business. Any such back-ups will be destroyed as soon as is practicable.

18.     Within thirty (30) days of the conclusion of this Action and to the extent permitted by the Court, counsel shall retrieve from the Court's file any Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material filed in Court and shall either return such Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Material to the other party's counsel within (30) days of retrieval or shall notify other party's counsel in writing that all

such Confidential Material and/or Highly Confidential – Attorneys' Eyes Only Information has been destroyed.

19.    Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraph 2 herein.

SO STIPULATED AND AGREED:

Dated: April   , 2022

By:_____

Stefen R. Short
Robert M. Quackenbush
THE LEGAL AID SOCIETY
Prisoners' Rights Project
199 Water Street, 6th Floor
New York, New York 10038

James J. Beha II
Jocelyn E. Greer
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
*Attorneys for Plaintiff*
*ELVIN SUAREZ*

Dated:  April 14, 2022

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By: _____

John R. Doran
Rebecca Ann Durden
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8591 / 8653
john.doran@ag.ny.gov
rebecca.durden@ag.ny.gov

SO ORDERED:

Dated:  4/15/2022

HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE